0-2168 from the Eastern District of Arkansas, Anthony Vines et al. v. Welspun Pipes et al. All right. Mr. Sanford? I can't see Mr. Sanford. Did you say his camera was connected, Madam Clerk? He said so. Yes, it is. Postal service need to go above and beyond. That's such bullshit. I mean, the judges aren't going to buy that. Am I to begin my argument now? I hear some talking in the background. I think that's been corrected now. You can proceed, Mr. Sanford. Yeah, I'm sorry for the interruption before, Mr. Sanford. I couldn't see you. I still can't see you, but I can hear you. I can see him. He's got video. Once he talks enough, maybe he'll pop up on your screen. He's there. Or, Judge, you can unpin and try to pin again. Sometimes that works. Sometimes it does. Sometimes it doesn't. Well said. May it please the court, my name is Josh Sanford, appearing on behalf of appellants. At its core, this case is about the district court's interference with what this court has said in Barbie vs. Big River Steel is an unconditional right, the party's right to settle attorney's fees. Because the district court's authority, if any, extended only to a determination of whether the merits settlement was satisfactory. It had no jurisdiction to review or to alter or to disregard the party's mutually agreed settlement of attorney's fees. Since Barbie is good law, there can be no question that the district court erred when it dismantled a freely negotiated fee agreement that was wholly disconnected from a wage settlement, the amount of which wage settlement the court found to be reasonable. I'm here today asking the court to reaffirm the principles in Barbie and to clarify them for the benefit of district courts that may have struggled to apply those principles. Because the issue of whether trial courts should review FLSA cases and the settlements of them is not before the court in this case, our arguments today assume that some level of review is required. But that review extends no further than the statute mandates. In any event, if courts are reviewing FLSA settlements, the only reason to do so is to confirm that plaintiff's wage rights under the FLSA are being protected. The district court's interpretation of Barbie and purported reliance on Barbie was misguided and muddled, improperly turning a footnote into a mandate and distorting what this court clearly stated throughout Barbie, that a district court's review of FLSA settlements is limited to whether the award to the plaintiffs is fair and reasonable. Counsel, doesn't Barbie imply that district courts or indicate that district courts can determine whether the fees were negotiated separately? Yes. And without regard to the FSLA claim? Yes. And the court below did that and confirmed that fact by approving the same liability amounts from the March 20th motion that it later approved in the July motion. Barbie's holding is that the FLSA does not require approval of settled attorney's fees and that the district court's authority did not extend beyond concluding that the merit settlement was satisfactory. These holdings are unambiguous and, moreover, were unambiguously violated by the district court's actions in this case. Barbie, far from requiring the court's actions in this case, positively prohibits them. Barbie does not permit a court to review attorney billing where the parties have provided sufficient information for the court to determine that the recovery to the employees is fair and consistent with the FLSA. Barbie does not permit a court to insist that the parties limit agreed fees to actual billing. And Barbie does not permit the court to become an advocate for the defendant, lowering the amount of fees that the defendant will pay plaintiff's counsel, despite already finding that the settlement of the wage liability controversy before the court is fair. The district court mistook Barbie's holding to mean that fees must be negotiated separately and that attorney's fees must be negotiated only after a liability settlement is reached. This is not only incorrect, but it creates an unworkable burden on the parties, which ignores the reality of settlement negotiations and acts to suppress those negotiations altogether. The determination of fairness that Barbie contemplates can and should be done without any review of attorney's fees, separately negotiated or not. There is no reasonable interpretation of Barbie under which the district court should have required the parties to request approval of the wage settlement in the attorney's fees settlement in separate filings, and then substitute its own judgment for the parties previously agreed attorney's fee. The court was presented with the finalized wage liability settlement numbers on March 20th. The court's only authority at that time under Barbie was to determine whether that liability settlement was fair and unreasonable. The court instead focused solely on the settlement of fees, only later approving an identical wage liability settlement for the plaintiffs after it had dismantled the parties agreement on fees. This is reversible error. Similar to the lower instructions to the lower court in Barbie, this court should vacate the lower court's orders denying approval of the settlement based on the rejection of the settled attorney's fees, allowing the court's later approval of the wage liability settlement to stand and the parties settlement agreement as submitted to the court on March 20th to become fully operational, including the parties agreement as to attorney's fees and costs, which do not need judicial approval to be binding. I'm happy to reserve the rest of my time for rebuttal. All right. Thank you, Mr. Sanford. Mr. Northern. Thank you, your honors. Greg Northern for the appellees in this case. My arguments will like my brief will likely be limited. I do want to point out a point of clarification for just just to make sure we're all clear. I believe that the district court in issuing its first order on the party's joint motion for review and approval followed. It understood that this setting of Barbie versus Big River Steel. Our motion was filed, I believe, within a week of the order in Big River Steel being issued by this court. And so as I put out in our brief, the appellees at that time and to some extent still do not understand the extent to which party litigants must go, especially counsel for litigants must go in and ensuring that fees are negotiated separately and without regard to the class wages. I believe that's the critical issue of this of this particular case. The court found that we did not negotiate those separately and its reasoning for doing so is set forth in its multiple orders. The court also went to link to give case law on the purposes of the FLSA. And an appellant's brief also mentions the standards for the purpose of review. I think the case law is fairly clear. The Eighth Circuit has not decided, I believe to this day, whether a court is required to review a settlement agreement at arm's length between parties represented by counsel and federal litigation in order to enforce a release of FLSA claims. And obviously, there is a split of authority among the circuits, and that's well detailed in several opinions. As long as there's a question from the employer's perspective, we'll likely always seek approval of the of the fee of the settlement agreement to ensure that any release received in exchange as consideration for the payment for a bona fide dispute will be sought for judicial approval. I can tell you from experience there's a split of authority. Well, there's a split of opinion among district court judges here in Arkansas as to whether courts need to do that or not. And so already we're a little bit on a case by case basis. In this case, we did submit it to the judge, to the district court judge for review and approval. And again, we contended that the fees were separately negotiated because we did set out in our motion the basis for our calculations, which were based on time records and sufficient data. We believe the amount and the justifications is liquidated damages and then a separate attorney's fee. As this court said in Barbie versus Big River Steel, it is important that the parties are able to freely negotiate if there is no tether between the attorney's fee and the class damages. And again, I'm not going to reiterate the district court's findings. Those were before you all in some detail. I do think that the following Big River Steel, there is a little bit of, again, a practitioner's concern. I think Mr. Sanford alluded to it briefly. But if there is the requirement of a temporal break between coming to an agreement on the terms for the class damages and a collective action or the FLSA, those must be agreed in full. And as a practical matter, what we are doing to ensure compliance with Big River Steel going forward is filing a notice and a request for approval before we ever even begin negotiating fees. What that standard has done is it will require employers to agree on an amount of back wages without knowing how much it's going to ultimately pay. And some businesses may be able to have more flexibility than others. Obviously, large and small businesses alike are held to the same standard. And so asking an employer to come to terms on a class award without knowing how much it's going to take to resolve the matter in full and get a dismissal, whether that's through a petition by a fee for attorneys counsel for, excuse me, for plaintiffs or by agreement. It puts it in a precarious position to be able to settle these cases. And again, the case law is very clear that mutual resolution of FLSA settlements are in the judicial favor. Well, Counselor, would you just be clear? Did you agree or disagree with what Judge Wilson did in this case? Well, to which point, Your Honor? I'm not sure. Well, in modifying the attorney's fees, was that within the court's discretion to do? I believe that the court under Barbie versus Big River Steel, the court determined, as set out in its order, it made a determination of finding that the fees were not negotiated separately. Therefore, the court did have jurisdiction to review the fee. And the reasonableness of the fee review is mandated by statute. Section 216B states on the face of the statute that an employer, in addition to the wages, shall pay a reasonable fee. It doesn't say any amount it takes to resolve the case. It says a reasonable fee. And this court, in a few cases. Was $1 reasonable? We do not really research that issue. I believe the court went through the lodestar method. I know there's some disagreement between whether the lodestar method was fully followed. But, again, the court went to great lengths to discuss its findings on the amount of the billings. So, are you saying that the uncertainty in the law is what is the meaning of separately? I believe so, Your Honor. Separately and without regard to. Without further clarification, I believe. What position does your client take? Well, my client. As to the meaning of separately. Separately in regards to the way that we negotiated this particular settlement. We separated in a separate amount within the same negotiation. And I believe that was done in the email correspondence cited by the court. And so, again, that's why we submitted a joint motion for review and approval. Stating that we had. We believe we had negotiated them separately. The court found otherwise. And so, if the court found such. It would have had jurisdiction to review the reasonableness of the attorneys fee. Now, one other important aspect. And I want to make sure. You believe that the district court is correct. That separated means temporal separation. Rather than just the two numbers are negotiated separately and distinctly. The court. I do not believe the court ever said there needs to be a temporal disconnection. Well. Isn't that really implicit in what they're doing, though? Because they're saying, well, you never negotiated it separately. Because you kind of came to the same document at the end. Yes, Your Honor. And it can a reasonable argument be that separately just means that. Well, here's what we think is the merits based claim for the. Under the FSLA. And here's the attorney's fees claim under the FSLA claim. And you come up with two separate numbers. And isn't that separately negotiated? I suppose that would still be left to a case by case basis. Such as whether there was any adjustments to the class damages. Depending upon how far the attorney's fee negotiations were adjusted. And so, I think that we're all in agreement. I believe in the case. All is clear and the purposes of the FLSA are clear. The review is designed to protect the workers' rights. And that's undisputed. So, if there's – I mean, at the end of the day, there's so much money to pay for a settlement. And so, I think what the court's job is to do is make sure that the amount in the pool for workers isn't diminished by the amount that goes to the attorney's fee. And that's set out in Big River Steel. So, Mr. Northern, as a practical matter, I understand your concern from the employer's perspective that you want a total number before you agree to a settlement. You're uneasy about agreeing to a liability settlement without knowing what might happen on the fees. But on the other side, the concern is that the plaintiff's lawyers have a conflict of interest when they're negotiating at the same time for the fees and the employees. And there's this concern that money that could or should be going to the employees goes to the attorneys in an amount that exceeds the amount they've earned. So, do you have a practical suggestion on how to accommodate both concerns? Well, I'm going to be very cautious giving a suggestion to this body. You're saying it's a practical problem for your client not to be able to settle the whole thing. And so, I think you're in a position to give a suggestion. Yes, Your Honor. What it really comes down to is the concern we have on the employer's side in negotiating these types of settlements is if we come to a full agreement, whether we file a notice with the court and seek approval or not before we get to the damages, there is case law that says that the plaintiffs could seek to enforce that settlement. So, I think that's debatable. That's outside the scope of this appeal. But it puts the employer in the position of not knowing the amount it's going to have to pay and then either letting the attorneys for the plaintiffs file a petition and then not knowing how much the court will approve or scuttling the settlement on the terms of the plaintiffs and have to continue with litigation, which is costly and may result in the same result down the road. So, from a practical perspective, I think that the ability to separately review the amount of the total settlement does provide employers with more concrete understanding of what its obligations are going to be. It gives it more latitude to the parties to settle because there are things that could be done in settlement such as, you know, the stretching out payments rather than a lump sum because if the petition for fees is, and I see my time is up, I'll just wrap up shortly. If a petition is filed and an award is granted by a district court, then an employer has 30 days to pay the full amount. And that's a very, that can be a very cumbersome issue for especially small businesses. And so, again, for the reasons set forth in our brief, we believe the district court set out its reasoning. Again, our position as an appellee is that we would like this matter to conclude. And so our clients can close this finally. Thank you. Thank you, Mr. Northern. Mr. Sanford. Yes. Thank you, Your Honor. I would like to propose a bright line rule for what the word separately means. In the context of an FLSA settlement negotiation, separate means any itemized attorney fee award, meaning anything that is not a percentage of a common fund. A separate negotiation of fees is one in which a dollar taken away from the plaintiff's does not lead to a dollar added, I'm sorry, a dollar taken away from the plaintiff's attorney does not lead to a dollar added to the plaintiff's fund. If they are itemized, they are separate. The notion that separate means temporally separate and subsequent is unworkable, as Mr. Northern very ably detailed. It's unfair to employers in many circumstances. It does not lead to the expeditious settlement of these cases. And the reason that the courts would… Well, how does your rule guard against the conflict of interest on the part of plaintiff's counsel to put more money in the attorney bucket and less money in the employee bucket? Fantastic question. Because you're saying as long as you have them itemized, you've satisfied the separate negotiation rule, but it could be that the negotiation was infected by your conflict of interest and you put more in the attorney item than in the employee item. Yes, and this court already has solved that problem with its holding in Barbie, which is that if settlement agreements are reviewed, they are reviewed to make certain that the number going to the plaintiffs is a fair and reasonable compromise of a bona fide dispute. It really is immaterial how much a plaintiff's lawyer gets if the court determines that the amount to the plaintiff is fair. Why is that the case? What if the plaintiff's employees could have obtained even more if the attorneys had only taken the amount that they'd earned, but the defendant was willing to pay the total lump sum and so more could have been allocated to the employees? I think an analysis by the trial court that delves into that sort of speculation is always going to lead it astray from the standard that's set out in Barbie, which is that the concern is for whether the merit settlement, meaning the amount going to the plaintiff, is a fair and reasonable compromise of their entitlements under the statute. It may be that a certain FLSA claim has $1,000 of potential value at trial. It might take $200 of attorney work to get that amount recovered, or it might take $20,000 of attorney work. It's not for the courts to bother themselves with that aspect of it, but whether to determine was the $1,000 that went to the plaintiff the correct amount or a reasonable compromise of a correct amount based on a good faith dispute about whether the FLSA protects a certain claim. That concludes my presentation. I'm happy to answer any other questions, but I certainly appreciate the time that the court has given us this morning. I don't see any additional questions. Thank you, Mr. Sanford. Thank you. Also, Mr. Northern. The court appreciates both councils participation in argument before the panel this morning, and we will continue to study the briefing that you all have submitted and render decision in due course. Thank you. Counsel, you may be excused.